IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WALESKA LEON, et al.,

    Plaintiffs,

    v.                               CIVIL NO. 05-1887 (RLA)

HOSPITAL METROPOLITANO, et al.,

    Defendants.

### ORDER IN THE MATTER OF OUTSTANDING MOTIONS

This action was instituted by the relatives of Migdalia Heyward Leon claiming that defendants are liable for her death pursuant to the provisions of the Emergency Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd, as well as for malpractice under art. 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141 (1990).

Named defendants are: Metrohealth, Inc. d/b/a Hospital Metropolitano, Dr. Luis Correa Ponce, the P.R. Health Department, Dr. Jose Rossello, Dr. Julio Rivera d/b/a PESI, and Sindicato de Aseguradores para la Suscripcion Conjunta de Seguro de Responsabilidad Medico Hospitalaria ("SIMED").

Defendants have filed various motions seeking to dismiss the outstanding claims asserted against them which plaintiffs have opposed. The court having reviewed the arguments submitted by the parties as well as the documents in the record hereby disposes of the motions as follows.

CIVIL NO. 05-1887 (RLA)                                          **Page 2**

---

### RULE 12(b)(6)

In disposing of motions to dismiss pursuant to Rule 12(b)(6) Fed. R. Civ. P. the court will accept all factual allegations as true and will make all reasonable inferences in plaintiff's favor. Frazier v. Fairhaven School Com., 276 F.3d 52, 56 (1st Cir. 2002); Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Berezin v. Regency Sav. Bank, 234 F.3d 68, 70 (1st Cir. 2000); Tompkins v. United Healthcare of New England, Inc., 203 F.3d 90, 92 (1st Cir. 2000).

Our scope of review under this provision is a narrow one. Dismissal will only be granted if after having taken all well-pleaded allegations in the complaint as true, the Court finds that plaintiff is not entitled to relief under any theory. Brown v. Hot, Sexy and Safer Prods., Inc., 68 F.3d 525, 530 (1st Cir. 1995) cert. den. 116 S.Ct. 1044 (1996); Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994). Further, our role is to examine the complaint to determine whether plaintiff has adduced sufficient facts to state a cognizable cause of action. Alternative Energy, 267 F.3d at 36. The complaint will be dismissed if the court finds that under the facts as pleaded plaintiff may not prevail on any possible theory. Berezin, 234 F.3d at 70; Tompkins, 203 F.3d at 93.

### FACTUAL BACKGROUND

According to the Third Amended Complaint (docket No. 80), on August 15, 2004, at approximately 8:30 a.m. fourteen-year old

**CIVIL NO. 05-1887 (RLA)**                                    **Page 3**

---

Migdalia Heyward Leon was taken by her mother to the Hospital Metropolitano's Emergency Room complaining of difficulty breathing, severe pain in the lower abdominal region, nausea and fever.[1]

At approximately 7:00 p.m. that same day decedent was transferred to Hospital Ruiz Arnau, owned and operated by the Commonwealth of Puerto Rico.[2]

### P.R. HEALTH DEPARTMENT

At the Initial Scheduling Conference plaintiff "clarified for the record that [the] complaint did not assert any claims under EMTALA against the RUIZ ARNAU HOSPITAL."[3] Thus, only the tort claim remains outstanding in these proceedings for any liability arising from decedent's treatment at that facility.

According to the complaint, the Hospital Ruiz Arnau is owned by the Commonwealth of Puerto Rico and operated by the Puerto Rico Health Department.[4]

The Eleventh Amendment to the United States Constitution bars the commencement and prosecution in federal court of suits claiming damages brought against any state, including Puerto Rico, without its consent. Toledo v. Sanchez, 454 F.3d 24 (1st Cir. 2006); Fresenius

---

[1]   Third Amended Complaint (docket No. 80) ¶¶ 11-12.

[2]   *Id*. ¶ 17.

[3]   Minutes and Order of Initial Scheduling Conference held on November 13, 2006 (docket No. 100).

[4]   Third Amended Complaint (docket No. 80) ¶ 6.

CIVIL NO. 05-1887 (RLA)                                    **Page 4**

Med. Care Cardiovascular Res., Inc. v. Puerto Rico and Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56, 61 (1st Cir. 2003); Futura Dev. v. Estado Libre Asociado, 144 F.3d 7, 12-13 (1st Cir. 1998); In re San Juan Dupont Plaza Hotel Fire Lit., 888 F.2d 940, 942 (1st Cir. 1989); Ramírez v. P.R. Fire Serv., 715 F.2d 694, 697 (1st Cir. 1983).

Eleventh Amendment immunity applies even though the state has not been named in the suit. Its protection is extended to governmental entities which are deemed an arm or alter ego of the state. Royal Caribbean Corp. v. Puerto Rico Ports Auth., 973 F.2d 8, 9-10 (1st Cir. 1992); In re San Juan Dupont Plaza Hotel Fire Lit., 888 F.2d at 943-44. In this regard, the Puerto Rico Health Department has been found to be entitled to Eleventh Amendment immunity. *See*, Arecibo Cmty. Health Care, Inc. v. Commonwealth of P.R., 270 F.3d 17 (1st Cir. 2001).

Based on the foregoing, we find that the negligence claims asserted against the Puerto Rico Health Department based on the acts or omissions of the Hospital Ruiz Arnau personnel are entitled to Eleventh Amendment immunity and cannot be tried in this forum.[5]

### EMTALA - INDIVIDUAL PHYSICIANS AND PESI

According to the complaint, decedent was treated by codefendant Dr. Luis Correa Ponce during her stay at the Emergency Room of the

---

[5]   Given our ruling, plaintiffs' Motion to Amend Complaint (docket No. **106**) is **DENIED AS MOOT** inasmuch as the new allegations pertain to "an epidemic that developed while deceased minor... was hospitalized at the Ruiz Arnau Hospital."

Hospital Metropolitano. Plaintiffs further allege that at all relevant times Drs. Rossello and Rivera, d/b/a PESI, had a contract with Hospital Metropolitano to provide Emergency Room services.[6]

EMTALA was enacted in 1986 in response to an increasing practice of hospital emergency rooms of rejecting patients with emergency conditions because they had no medical insurance. "[I]t is clear that Congress manifested an intent that all patients be treated fairly when they arrive in the emergency department of a participating hospital and that all patients who need some treatment will get a first response at minimum and will not simply be turned away." Reynolds, 218 F.3d 78, 83 (1st Cir. 2000). *See also*, Roubert-Colon v. Hosp. Dr. Pila, 330 F.Supp.2d 38, 42 (D.P.R. 2004). It is axiomatic that EMTALA was enacted specifically to avoid "dumping" of patients lacking medical insurance and that it should not be regarded as a federal medical malpractice statute. Reynolds, 218 F.3d at 83. *See also*, Guadalupe v. Negron Agosto, 299 F.3d 15, 21 (1st Cir. 2002) (statute does not create a medical malpractice claim).

EMTALA imposes upon a hospital's emergency services the duty to initially screen patients to ascertain whether an emergency medical

---

[6]    Codefendants Drs. Rossello and Rivera disclaim that they provided services to the Hospital as a d/b/a but rather that "PESI is a medical corporation dedicated to the administration and management of pediatric emergency rooms". Motion to Dismiss (docket No. 66) ¶ 20. However, inasmuch as no extrinsic evidence has been submitted in support thereof we are constrained to the allegations of the complaint pursuant to the provisions of Rule 12(b)(6).

condition exists[7] and if so, to provide the necessary medical examination and treatment as well as to stabilize the patient prior to his discharge or transfer.[8] Lopez-Soto v. Hawayek, 175 F.3d 170, 175 (1st Cir. 1999); Correa v. Hosp. San Francisco, 69 F.3d 1184, 1190 (1st Cir. 1995). No improper motive is required to be proved by plaintiff in order to prevail. Roberts v. Galen of Va., Inc., 525 U.S. 249, 119 S.Ct. 685, 142 L.Ed.2d 648 (1999).

It has been consistently held that EMTALA does not provide a viable claim against individual physicians. Millan v. Hosp. San Pablo, 389 F.Supp.2d 224, 235 (D.P.R. 2005); Alvarez Torres v. Ryder Mem'l Hosp., Inc., 308 F.Supp.2d 38, 40 (D.P.R. 2003). See also, Lebron v. Ashford Presbyterian Cmty. Hosp., 995 F.Supp. 241 (D.P.R. 1998) (summarizing cases). Hence, the EMTALA claim against Dr. Correa is **DISMISSED.**

We further find that, even taking plaintiffs' allegations as correct, no EMTALA cause of action lies against Drs. Rossello and Rivera d/b/a as PESI.

EMTALA imposes the duty to screen, stabilize and transfer requirements upon hospitals.[9] Additionally, its enforcement provision applies to "participating hospital[s]"[10] which the statute defines as

[7]  42 U.S.C. § 1395dd(a).

[8]  42 U.S.C. § 1395dd(b).

[9]  42 U.S.C. § 1395dd(a) and (b).

[10]  42 U.S.C. § 1395dd(d).

CIVIL NO. 05-1887 (RLA)                                      **Page 7**

"a hospital that has entered into a [Medicare] provider agreement."[11] As pointed out by the Court of Appeals in <u>Rodriguez v. Am. Int'l Ins. Co. of P.R.</u>, 402 F.3d 45 (1st Cir. 2005), "[i]t is clear that EMTALA does not apply to all health care facilities; it applies only to participating **hospitals with emergency departments**." 402 F.3d at 48 (emphasis ours). *See also*, <u>Feliciano Rivera v. Med. & Geriatric Admin. Serv., Inc.</u>, 254 F.Supp. 237 ("Not being a hospital, the CDT cannot have 'a hospital emergency department' as required and described in § 1395dd(a).")

Accordingly, the EMTALA claims asserted against Drs. Rossello and Rivera d/b/a as PESI are **DISMISSED**.[12]

**HOSPITAL METROPOLITANO**

Hospital Metropolitano joined the request for dismissal of Drs. Rossello and Rivera essentially arguing that the treatment afforded decedent did not violate the EMTALA provisions.

Even though defendant labeled its petition as a motion to dismiss, the inclusion of documents outside the pleadings by both parties[13] converted it into a summary judgment vehicle pursuant to the

---

[11]   42 U.S.C. § 1395dd(e).

[12]   Even though the EMTALA claims have been dismissed against these parties, the damages claims asserted against them under art. 1802 subsist under our supplemental jurisdiction. *See*, <u>Millan</u>, 389 F.Supp.2d at 237; <u>Alvarez Torres</u>, 308 F.Supp.2d at 42.

[13]   Defendants attached a Certificate of the working relationship between the Hospital Metropolitano and PESI as well as copy of decedent's medical record with said institution. Plaintiffs filed a copy of the report of Dr. Norma Villanueva, their expert witness, as

CIVIL NO. 05-1887 (RLA)                                            Page 8

provisions of Rule 12(b) Fed. R. Civ. P. <u>Santiago v. Canon U.S.A., Inc.</u>, 138 F.3d 1, 4-5 (1st Cir. 1998); <u>Rodriguez v. Fullerton Tires Corp.</u>, 115 F.3d 81, 83 (1st Cir. 1997); <u>Vega-Rodriguez v. Puerto Rico Telephone Co.</u>, 110 F.3d 174, 177-78 (1st Cir. 1997).

Rule 56(c) Fed. R. Civ. P., which sets forth the standard for ruling on summary judgment motions, in pertinent part provides that they shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." <u>Sands v. Ridefilm Corp.</u>, 212 F.3d 657, 660-61 (1st Cir. 2000); <u>Barreto-Rivera v. Medina-Vargas</u>, 168 F.3d 42, 45 (1st Cir. 1999). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. <u>DeNovellis v. Shalala</u>, 124 F.3d 298, 306 (1st Cir. 1997). A genuine issue exists if there is sufficient evidence supporting the claimed factual disputes to require a trial. <u>Morris v. Gov't Dev. Bank of Puerto Rico</u>, 27 F.3d 746, 748 (1st Cir. 1994); <u>LeBlanc v. Great Am. Ins. Co.</u>, 6 F.3d 836, 841 (1st Cir. 1993), *cert. denied*, 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994). A fact is material if it might affect the outcome of a lawsuit under the governing law.

---

well as the autopsy report. *See*, Motion to File Medical Reports (docket No. **93**).

CIVIL NO. 05-1887 (RLA)                                              **Page 9**

Morrissey v. Boston Five Cents Sav. Bank, 54 F. 3d 27, 31 (1st Cir. 1995).

In cases where the non-movant party bears the ultimate burden of proof, he must present definite and competent evidence to rebut a motion for summary judgment, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2000); Grant's Dairy v. Comm'r of Maine Dep't of Agric., 232 F.3d 8, 14 (1st Cir. 2000), and cannot rely upon "conclusory allegations, improbable inferences, and unsupported speculation". Lopez v. Rubianes, 230 F.3d 409, 412 (1st Cir. 2000); Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994); Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

The court having reviewed the evidence on file, particularly the opinion of Dr. Villanueva, finds that issues of material fact preclude summary judgment at this time regarding the breach of EMTALA's duties at the Hospital's Emergency Room. Plaintiffs' expert witness specifically challenged the Hospital's position on this matter. Hence, summary judgment is not available on this particular controversy.

### DIVERSITY JURISDICTION

Federal courts are courts of limited jurisdiction and hence, have the duty to examine their own authority to preside over the cases assigned. "It is black-letter law that a federal court has an

**CIVIL NO. 05-1887 (RLA)**                                        **Page 10**

obligation to inquire sua sponte into its own subject matter jurisdiction." <u>McCulloch v. Velez</u>, 364 F.3d 1, 5 (1ˢᵗ Cir. 2004). *See also*, <u>Bonas v. Town of North Smithfield</u>, 265 F.3d 69, 73 (1ˢᵗ Cir. 2001) ("Federal courts, being courts of limited jurisdiction, have an affirmative obligation to examine jurisdictional concerns on their own initiative.")

Further, subject matter jurisdiction is not waivable or forfeited. Rather, because it involves a court's power to hear a case, it may be raised at any time. <u>Kontrick v. Ryan</u>, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004); <u>United States v. Cotton</u>, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). "The objection that a federal court lacks subject-matter jurisdiction... may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." <u>Arbaugh v. Y&H Corp.</u>, ___ U.S. ___, 126 S.Ct. 1235, 1240, 163 L.Ed.2d 1097 (2006).

Pursuant to 28 U.S.C. § 1332(a)(1), federal courts have jurisdiction over claims between "citizens of different states" so long as the amount in dispute exceeds $75,000.00. The statute requires complete diversity between the plaintiffs and the defendants. *Id.* at 139. In other words, the plaintiffs and the defendants must be citizens of different states. "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff... diversity jurisdiction is not

CIVIL NO. 05-1887 (RLA)                                          **Page 11**

---

to be available when any plaintiff is a citizen of the same State as any defendant." <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (italics in original).

The complaint asserts § 1332 as alternative jurisdictional grounds. Specifically, it is alleged that Iris Pacheco, decedent's grandmother, resides in New York.[14] Plaintiffs having failed to identify the domicile of the remaining plaintiffs, the court must assume that they are Puerto Rico residents. It appearing that defendants are also citizens of Puerto Rico for purposes of the statute, diversity is destroyed.

Accordingly, plaintiff Iris Pacheco may not assert diversity jurisdiction in this case.

### CONCLUSION

The Motion to Dismiss Second and Third Amended Complaints filed by the P.R. Health Department (docket No. **75**)[15] is **GRANTED** and the claims asserted against it in these proceedings are hereby **DISMISSED WITHOUT PREJUDICE.**

---

[14]   Third Amended Complaint (docket No. 80) ¶ 5.

[15]   *See*, Plaintiffs' Opposition (docket No. **77**). *See also*, Motion to Dismiss (docket No. **29**); Plaintiffs' Opposition (docket No. **30**) and Reply (docket No. **37**).

**CIVIL NO. 05-1887 (RLA)**                                          **Page 12**

The Motion to Dismiss filed by Dr. Jose Rossello and Dr. Julio Rivera (docket No. **66**)[16] is **GRANTED** but limited to the dismissal of the EMTALA claims asserted against them and PESI.

The Motion to Join (docket No. **103**) filed by Dr. Luis Correa Ponce is **GRANTED** and the EMTALA claims asserted against him are **DISMISSED.**

Judgment shall be entered accordingly.

The Hospital Metropolitano's Motion to Dismiss (docket No. **96**)[17] is **DENIED.**

IT IS SO ORDERED.

San Juan, Puerto Rico, this 6th day of February, 2007.


S/Raymond L. Acosta
RAYMOND L. ACOSTA
United States District JUDGE

---

[16]   *See*, Plaintiffs' Opposition (docket No. **69**).

[17]   *See*, Plaintiffs' Opposition (docket No. **98**).